**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Michael Gray, et al., | No. CV-19-04432-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Garrison Property and Casualty Insurance Company, et al., | |
| Defendants. | |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant Garrison Property and Casualty Insurance Company ("Garrison") removed this action on June 10, 2019 solely on the basis of diversity jurisdiction. (Doc. 1.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists, the Court finds that the Notice of Removal is facially deficient because it fails to affirmatively set forth the facts necessary to determine Plaintiffs' citizenship.

The Notice of Removal states that "Plaintiffs are citizens of Arizona for federal diversity jurisdiction purposes because the Complaint alleges that Plaintiffs are residents of Arizona." (Doc. 1 ¶ 4.) And indeed, the Complaint alleges that "Plaintiffs were at all times pertinent to this litigation residents of the City of Mesa, County of Maricopa, State of Arizona." (Doc. 1-3 ¶ 1.) But the factual allegation that Plaintiffs are *residents* of Arizona does not establish that they are *citizens* of Arizona for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."). Thus, an allegation regarding Plaintiffs' state of residence fails to establish their state of domicile for diversity purposes.

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

To cure this pleading deficiency, the Court will require the removing Defendant to

file an amended notice of removal that affirmatively states Plaintiffs' citizenship under the correct legal standard. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendant may state the relevant jurisdictional facts on information and belief if they are not reasonably ascertainable. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). Defendant is advised that its failure to timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that removing Defendant shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **June 27, 2019.**

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal by June 27, 2019, the Clerk of Court shall remand this action to state court on **June 28, 2019**.

Dated this 17th day of June, 2019.

Dominic W. Lanza
United States District Judge